**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                           NO. 4:13CR00068-03-JLH

KENNETH EUGENE BROWN, SR.                                                                              DEFENDANT

## ORDER

Kenneth Eugene Brown, Sr., has filed a motion for appointment of counsel to consider the effect of *United States v. Johnson*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), on his sentence. For reasons that will be explained, the motion is denied.

Under the Armed Career Criminal Act, a defendant receives an increased sentence if he had three separate, previous convictions for "a violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). "Violent felony" is defined, in part, as a felony that:

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that the "residual clause" of the Act is unconstitutionally vague and violates due process. *Id.* at 2563. However, the Court noted that "[t]oday's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* In other words, the subsection enumerating the offenses of burglary, arson, extortion, and use of explosives and the section regarding use of physical force, are not affected by the ruling.

Brown was sentenced as career offender under the Guidelines, not under the Armed Career Criminal Act. Brown has at least five prior convictions for burglary, which are enumerated offenses. The burglary convictions do not fall under the "residual clause" found unconstitutional in *Johnson*.

Brown's sentence is unaffected by *United States v. Johnson*. The motion for appointment of counsel is DENIED. Document #393.

IT IS SO ORDERED this 25th day of April, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE